UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILTON LAWRENCE BROWN,<br><br>               Petitioner,<br>    v.<br><br>FRANCISCO JACQUEZ, WARDEN, et al.,<br><br>               Respondents. | Case No. CV 09-9168-ABC (OP)<br><br>MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

## I.

## **PROCEEDINGS AND BACKGROUND**

On December 14, 2009, Hilton Lawrence Brown ("Petitioner"), filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court examined the Petition, found that it plainly appeared from its face that Petitioner was not entitled to relief, and dismissed the Petition with leave to amend.

On January 19, 2010, Petition filed a First Amended Petition ("FAP"). Pursuant to Rule 4, the Court has examined the FAP and finds that it plainly appears from its face

1

that Petitioner is not entitled to relief. For the reasons set forth below, the Court dismisses the FAP without leave to amend.

## II.

## DISCUSSION

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief. See 28 U.S.C. § 2243. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false).

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that states a claim for relief must contain the following: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a). Rule 8 further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s "short and plain statement" requirement. See Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir. 1991); Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988).

As with the original Petition, the Court is unable to determine from the FAP: (1) what exactly Petitioner is attempting to address in his Petition; (2) what relief he is seeking; (3) what grounds for relief he is alleging; (4) what the relevant procedural history is; or (5) whether Petitioner is even attempting to challenge a state court judgment. Thus, despite the opportunity to cure the defects of the original Complaint, Petitioner still fails to comply with Rule 8.

This is not the first instance where Petitioner has been unsuccessful in his attempts to litigate in federal court. On June 2, 2006, this Court dismissed a § 2254 petition filed by Petitioner for failure to comply with Rule 8. (See CM/ECF CV 05-8602-ABC (OP) Dkt. No. 21.) On October 25, 2000, this Court entered an order summarily dismissing another § 2254 petition filed by Petitioner. (See CM/ECF CV 00-10719-ABC (AN) Dkt.No. 3.) In that order, the Court noted that the petition was "substantially incomprehensible" and that Petitioner "has in the past been (and apparently in other courts continues to be) a prolific filer." Id; see also Brown v. Ayers, 221 F.3d 1347 (9th Cir. 2000) (table) (affirming district court's order finding petitioner subject to 28 U.S.C. § 1915(g)).[1]

---

[1] The Court also notes that in the original petition filed in case number CV 05-8602, Petitioner attached a July 11, 2002, order from the Northern District of Texas in which a civil rights complaint filed by him was summarily dismissed in the case entitled Hilton Lawrence Brown v. Internal Revenue Service, et al., 3-02-CV 1031-H. In that order, the court noted that Petitioner "has a 14 year history of filing frivolous lawsuits in federal courts throughout the United States" and cited to at least ten cases that were dismissed under 28 U.S.C. § 1915(e) or its predecessor statute, 28 U.S.C. § 1915(d). See Brown v. Ayers, 221 F.3d 1347, 2000 WL 539602 (9th Cir. May 3, 2000) (citing 28 U.S.C. § 1915(g)); Brown v. Office of the Clerk, Los Angeles Federal Court, 865 F.2d 263, 1988 WL 141539 (9th Cir. Dec. 21, 1988); Brown v. Ayers, 185 F.3d 873, 1999 WL 1334523 (10th Cir. Jun. 28, 1999); Brown v. Solicitor General of the United States, 1997 WL 411667 (D.C. Cir. Jul. 8, 1988); Brown v. Solicitor General, No. 1-96-CV-2432 (D. D.C. Oct. 25, 1996); Brown v. IRS, No 4-96-CV-0508 (E.D. Mo. Mar. 13, 1996); Brown v. Clinton, 4-95-CV-1957 (E.D. Mo. Dec.

## III.

## CONCLUSION

Based on the foregoing, the First Amended Petition is hereby dismissed without leave to amend, and Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

DATED: February 5, 2010

HONORABLE AUDREY B. COLLINS
Chief United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge

---

21, 1995); Brown v. Clinton, No. 4-95-CV-0683 (E.D. Mo. Apr. 28, 1995); Brown v. Bureau of Prisons, 1994 WL 248231 (N.D. Cal. May 19, 1994); Brown v. People of the District of Columbia, No. 1-94-CV-0532 (D. D.C. Mar. 15, 1994); Brown v. Marshall, 1993 WL 300061 (N.D. Cal. Jul. 23, 1993).

4